**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHALIYAH LOCKETT,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-2740** |
| | : | |
| **MERRICK BANK,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**SCOTT, J.** **AUGUST 5th, 2026**

Plaintiff Shaliyah Lockett claims that Defendant Merrick Bank ("Merrick") violated the Fair Credit Reporting Act ("FCRA") by reporting inaccurate information to two credit agencies. Lockett seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Lockett leave to proceed *in forma pauperis* and dismiss her Complaint for lack of standing.

## I. FACTUAL ALLEGATIONS[1]

Lockett alleges that on December 31, 2025, Merrick reported "inaccurate information" to Equifax and Experian about an account she contends was fraudulently opened in her name, after the information was initially deleted. (Compl. at 3.) She asserts that on February 28, 2026, she filed a dispute directly with Merrick regarding the unauthorized account; however, the bank responded on March 16, 2026 that it "would not be conducting an investigation due to inaccurately deeming [her] dispute to be from a 'Credit Repair Organization.'" (*Id.*) Lockett provided Merrick a police report and a "notarized identity theft affidavit," presumably in support of her claim that the account was fraudulently opened in her name. (*Id.*) However, Merrick

[1] The following allegations are taken from the Complaint. The Court adopts the pagination supplied by the CM/ECF docketing system.

responded that "after reviewing their internal records [they] determined the account was legitimately opened in [Lockett's] name and they would not be deleting the account." (*Id.*) Lockett filed complaints with the Consumer Financial Protection Bureau, Federal Deposit Insurance Corporation, and Better Business Bureau; however, Merrick "still refuse[d] to delete the account." (*Id.*)

Based on these allegations, Lockett brings claims against Merrick for negligently and willfully failing to conduct a reasonable investigation in violation of the FCRA, 15 U.S.C. § 1681s-2(b). (*Id.*) She claims to have "suffered credit score damage, credit card denials, lost opportunities, and emotional distress." (*Id.* at 4.) She seeks damages. (*Id.*)

## II. STANDARD OF REVIEW

Because Lockett appears to be incapable of paying the filing fees to commence this action, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Lockett's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Lockett is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Furthermore, the Court must dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence."). The Court's continuing obligation to assure its jurisdiction includes an assessment of whether the plaintiff has standing to raise his claims. *Seneca Res. Corp. v. Township of Highland*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing . . . sua sponte.").

## III. DISCUSSION

"The FCRA was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (cleaned up). "Under FCRA, [consumer reporting agencies] collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). To state a plausible claim against a furnisher of credit information under § 1681s-2(b), as Lockett attempts to do in this case, a plaintiff must allege that she "[1] filed a notice of dispute with a consumer reporting agency; [2] the consumer reporting agency notified the furnisher of

information of the dispute; and [3] the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016) (collecting cases), *aff'd*, 696 F. App'x 87 (3d Cir. 2017) (*per curiam*).

A plaintiff must also establish that she has standing to bring an FCRA claim. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To do so, she must "clearly allege facts demonstrating" that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (alterations and citations omitted). As to the first requirement, a plaintiff's injury must be concrete and particularized. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423-24 (2021). A statutory violation does not automatically translate into standing to sue. *Id.* at 425-26. Rather, a plaintiff must allege either tangible harm—such as physical or monetary harm—or intangible harm that bears "a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *Id.* at 425. If a credit report contains misleading information but was never disseminated, a plaintiff does not suffer concrete harm for purposes of establishing standing. *George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 235 (3d Cir. 2024) (citing *TransUnion*, 594 U.S. at 432-35).

Lockett claims to have "suffered credit score damage, credit card denials, lost opportunities, and emotional distress." (Compl. at 4.) However, she has not adequately explained how Merrick's inaccurate reporting of an allegedly unauthorized account caused the claimed harm. For instance, she has not alleged what credit cards she applied for and why they were denied, so as to support an inference that any credit denial is traceable to Merrick's reporting of the unauthorized account. *See Hayward v. USAA Fed. Sav. Bank*, No. 24-5602,

2025 WL 1094255, at *4 (E.D. Pa. Apr. 11, 2025) (holding that plaintiff's "conclusory statement that as a direct result of Kik Off's alleged actions, she has suffered a credit denial, with no factual information about who denied her credit and why the denial is traceable to Kik Off's conduct" failed to allege "concrete injuries" for purposes of the standing inquiry (cleaned up)). Further, Lockett's allegations of "lost opportunities" and "emotional distress" are too undeveloped and conclusory to allege standing. *See Byrd Est. v. Nationstar Mortg., LLC*, No. 24-1063, 2025 WL 3172843, at *5 (E.D. Pa. Nov. 13, 2025) (finding allegations of "economic harm, reputational damage, litigation costs, and emotional distress" to be "no more than conclusions" that "are not entitled to the assumption of truth" (citations omitted)); *see also Filgueiras v. Midland Funding, LLC*, No. 16-3037, 2025 WL 2637171, at *6 (D.N.J. Aug. 22, 2025) ("[S]parsely identified alleged harm is insufficient to confer standing."), *report and recommendation adopted*, 2025 WL 2636416 (D.N.J. Sept. 11, 2025). In sum, the Complaint does not plausibly allege Lockett suffered concrete harm traceable to Merrick's conduct in a manner that would permit the Court to conclude she has standing to pursue her FCRA claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Lockett leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice. She will be given leave to file an amended complaint in the event she can state a basis for proceeding. An appropriate Order follows, which provides further instructions about filing an amended complaint.

**BY THE COURT:**

**KAI N. SCOTT, J.**